UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

INJAH TAFARI,

                Plaintiff,

              v.                              9:11-CV-433
                                                          (GLS/ATB)

DAVID A. ROCK,
LUCIEN J. LECLAIRE, JR.,
ROBERT SCHATTINGER
JOHN MILLER
NORMAN BEZIO,

                Defendants.
_____

**APPEARANCES**                                  **OF COUNSEL**

**INJAH TAFARI**
**89-A-4807**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff pro se

**OFFICE OF THE NEW YORK**      **THOMAS B. LITSKY, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Defendants

**GARY L. SHARPE**
**Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On April 14, 2011, Injah Tafari filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he challenged (1) a January 9, 2006 directive, which Superintendent Brown at the Eastern Correctional Facility issued, pursuant to which all of Petitioner's visits with visitors at that facility were required to be non-contact visits based on Petitioner's history of violence and assaults on staff; (2) two "CORC" decisions, issued on September 6, 2006, and April 23, 2008, while he was confined at the Clinton Correctional Facility, that resulted in the deprivation of certain religious freedoms; and (3) misbehavior reports dated January 29, 2008, and March 7, 2008, and their ensuing disciplinary hearings, on the ground that he was denied his due process right to call witnesses. *See* Dkt. No. 1, Pet. at 1-3; document captioned "Argument" at 1-2. Respondent filed an answer to the petition and the state court records relevant to the petition, and Tafari has filed a traverse. Dkt. Nos. 11-13, 15.

On January 17, 2012,[1] Tafari filed a letter motion, asking that the

---

[1] Under the "mailbox rule," a petitioner's application is deemed filed on the date he
(continued...)

Court convert his habeas petition into a civil rights action brought pursuant to 42 U.S.C. § 1983. Dkt. No. 16. He conceded that "the imposition of loss of good time will not affect the length of [his] confinement" because he is serving a sentence with a maximum term of life in prison; and, pursuant to section 803(1)(a) of New York Correction Law, he is not eligible to receive good time allowances. *Id.* at 2 (citing N.Y. Correct. Law § 803(1)(a)). Respondent consented to Tafari's request to convert his petition. Dkt. No. 18.

On April 4, 2012, Tafari's motion to convert his habeas petition into a civil rights action brought pursuant to 42 U.S.C. § 1983 was granted. Dkt. No. 20, Memorandum-Decision and Order, at 9. However, his in forma pauperis status was revoked pursuant to section 1915(g) of the Prisoner Litigation Reform Act ("PLRA") because, at the time this action was originally filed, Tafari had at least three prior cases dismissed either for being frivolous, malicious, or for failure to state a claim. *Id.* at 9-11. The Court also found that the "imminent danger" exception did not apply because Tafari's claims did not "plausibly suggest that he faced an

---

[1](...continued)
delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). The letter motion was dated January 17, 2012, and post-marked January 18, 2012. Dkt. No. 16 at 4.

imminent danger of serious physical injury at any time, much less when he brought this action on June 30, 2010." *Id.* at 11-12.  Accordingly, Tafari was directed to pay the filing fee ($350.00) within thirty days of the filing date of the Court's order, and he was also directed to file an amended complaint naming as defendants the individuals that he claimed were personally involved in the alleged violations of his constitutional rights. *Id.* at 12-14. Tafari was further advised that "his failure to comply with this Memorandum-Decision and Order within thirty (30) days will result in the dismissal of this action without prejudice and without further Order of this Court." *Id.* at 12.[2]

To date, Tafari has not paid the required filing fee.  He has, however, filed a document captioned "Converted Verified Complaint," naming Lucien LeClaire, Jr., Robert Schattinger, John Miller, and Norman Bezio as

---

[2] It is worth noting that this is not the first time that Tafari has attempted to avoid the "three strikes" rule when challenging disciplinary hearings. In *Tafari v. Rock*, No. 10-CV-729, 2012 WL 1340799, at *1-2 (W.D.N.Y. Apr. 18, 2012), District Judge Michael A. Teleska dismissed his challenges to five Superintendent's hearings that were transferred from this court. In an attempt to avoid the "three strikes" rule, Tafari filed the cases as habeas corpus actions. *Id.* The court "recharacterized" the petition as a complaint brought pursuant to 42 U.S.C. § 1983 and held that Tafari "brought this proceeding as a 28 U.S.C. § 2254 petition in an attempt to make an 'end run' around the [three strikes] rule and obtain poor person status." *Id.* at *2. The court denied Tafari's IFP application and then found, in the alternative, that the complaint did not state a claim for relief. *Id.* at *3-7.  In *Tafari v. Rock*, No. 11-CV-0057, 2012 WL 1424725 (W.D.N.Y. Apr. 24, 2012), District Judge Telesca dismissed Tafari's attempt at bringing habeas petitions and arguing that "the 'three strikes' provision of the Prison Litigation Reform Act . . . did not apply because he was seeking habeas relief." *Id.* at *1.  Judge Telesca also found that Tafari made no allegation of imminent danger, and "indeed his pleadings contain no suggestion that this is the case." *Id.* at *2.

defendants, that includes a section captioned "Imminent danger of serious physical injury." Dkt. No. 21 at 4-5. In this section of the complaint, Tafari alleges that in December 2011, Donald Selsky visited him while he was in his cell and threatened him with being placed in a "body bag" if he did not drop his various federal lawsuits. *Id.* at 4-5. Tafari also alleges that on February 15, 2012, "DSS. Uhler ordered Sgt. Gettman to have" his cell "frisk[ed]" and to beat Tafari. *Id.* at 5. Tafari claimed that when he exited his cell, Sergeant Gettman stated, "We've been told that you have complaints in federal courts against our bosses, you either drop them or we'll kill you." *Id.* Tafari claims that he was then beaten by "several staff" members while "being called a rat nigger." *Id.*[3]

The Court will not address the allegations set forth in the complaint because Tafari has failed to pay the required filing fee. In light of his pro se status, however, the Court will construe the portion of his complaint alleging imminent danger as a request for reconsideration of the Court's April 4, 2012 decision finding no imminent danger.

---

[3] Petitioner has filed complaints in three other cases in which he makes the identical imminent danger claims. *See Tafari v. Rock et al*, No. 10-CV-505, Dkt. No. 21 at 5-6; *Tafari v. Rock et al,* 10-CV-790, Dkt. No. 48 at 7; *Tafari v. Rock et al*, No. 11-CV-679, Dkt. No. 19 at 5-6.

## II. DISCUSSION

**A. Reconsideration**

The standard for granting a motion for reconsideration is strict, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Rafter v. Liddle*, No. 07-2282-cv, 288 F. App'x 768, 769 (2d Cir. Aug. 13, 2008) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see Montanile v. Nat'l Broad, Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) ("Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'") (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Generally, grounds justifying reconsideration include an intervening change of controlling law, the availability of new evidence, and the need to correct clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Tafari has not demonstrated that the Court overlooked any controlling

decisions or material facts that might have influenced the April 4, 2012 Memorandum- Decision and Order.  As the Court previously noted, "§ 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."  Dkt. No. 20 at 11 (quoting *Pettus v. Morgenthau,* 554 F.3d 293, 296 (2d Cir. 2009); *see Chavis v. Chappius*, 618 F.3d 162, 169-71 (2d Cir. 2010).  In deciding whether the required nexus exists, courts must consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would *redress* that injury."  Dkt. No. 20 at 11 (quoting *Pettus,* 554 F.3d at 298-99 (footnote omitted)).

     The allegations in Tafari's complaint have no relationship to his new claim of imminent danger.  Neither Sergeant Gettman nor Uhler, or the various unnamed members of the staff who allegedly beat Tafari, are parties to this action.  Therefore, any alleged "imminent" danger from these individuals will not be mitigated by this action's ability to proceed without payment of fees.  Since Tafari's claims do not plausibly suggest that he faced an imminent danger of serious physical injury in connection with the

-7-

allegations in his complaint, much less when he originally brought this action on April 14, 2011, he is not entitled to proceed with this action in forma pauperis.  *See Pettus,* 544 F.3d at 296 (stating that the "imminent danger" exception to section 1915(g) is applicable only if plaintiff is in imminent danger of serious physical injury when he files his complaint); *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (ruling that the court must evaluate imminent danger claims at the time the complaint is filed, rather than at the time of the events alleged.).

Accordingly, if Tafari wants to proceed with this action, he must pay the statutory filing fee of three hundred fifty dollars ($350.00) ***within twenty (20) days*** of the filing date of this Memorandum-Decision and Order.  Upon payment of the filing fee, the Clerk of the Court shall return the file to this Court for review of the complaint in accordance with 28 U.S.C. § 1915A.  Tafari is advised that his failure to pay the required filing fee within twenty (20) days of the filing date of this Order will result in the dismissal of this action ***without further Order of this Court***.

**WHEREFORE**, it is

**ORDERED** that this action shall be **DISMISSED** without prejudice and without further Order of this Court unless Tafari pays the Court's filing

fee of three hundred fifty dollars ($350.00) within **TWENTY (20) DAYS** of the filing date of this Memorandum-Decision and Order; and it is

**ORDERED** that, upon Tafari's payment of the filing fee, the Clerk of the Court shall return the file to this Court for review in accordance with 28 U.S.C. § 1915A; and it is

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

June 28, 2012

Gary L. Sharpe
Chief Judge
U.S. District Court